AO 91 (Rev. 09/25 NDIN) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

United States of America
v.
David Blystone

*Defendant(s)*

Case No. 3:26-MJ-5

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of January 9, 2026 in the county of Fulton in the Northern District of Indiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of ammunition. |
| 26 U.S.C. § 5861(d) | Possession of unregistered firearm. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

Brandon Stec
*Complainant's signature*

Brandon Stec, TFO, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by email transmission and telephonic confirmation.

Date: 01/09/2026

s/Andrew P. Rodovich
*Judge's signature*

City and state: Hammond, IN

Hon. Andrew P. Rodovich, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Brandon Stec, being duly sworn, state as follows:

1. I am a sworn South Bend Police Officer assigned to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Project Disarm Task Force as a Task Force Officer. This Task Force investigates violations of Federal Firearm Laws as well as other violations relating to the possession and use of illegal firearms, and the use of firearms while engaged in the distribution and manufacturing of controlled substances in the Northern District of Indiana. It is common for the ATF to receive referrals from local law enforcement regarding violations of Federal Firearm Laws. I have been a sworn police officer since March 2007. I graduated from the Harford County Sheriff's Office Police Academy. I have received numerous hours of controlled dangerous substance training including the detection and identification of such substances. I have received additional training on Federal Firearms Laws and investigations.

2. This affidavit is intended to show only that there is sufficient probable cause to support a criminal complaint alleging DAVID BLYSTONE, has violated 18 U.S.C. § 922(g)(1), Felon in possession of ammunition, and 26 U.S.C. § 5861(d), Possession of unregistered firearm, and does not set forth all of my knowledge about this matter. The information contained in this affidavit

is based on my own personal observations and conversations with witnesses, audio and/or video recordings, and information provided to me by other law enforcement officers involved in the investigation.

## Probable Cause

3. On December 29, 2025, Fulton County Sheriff's Department Deputy Mitch Scott received a phone call from a confidential informant (CI) who is signed up through the Fulton County Sheriff's Office. This CI is referenced as CI-7653 and is a cooperating defendant and thus is working for law enforcement for consideration on a current criminal case that the CI faces. This CI has worked on multiple investigations in the past and has proven to be reliable and trustworthy. CI 7653 informed investigators he/she was at a residence in Rochester, which is in the Northern District of Indiana where he/she observed what he/she described as a large number of firearms. CI 7653 stated he/she was at a residence on Westwood Lane in Rochester, Indiana (Rochester Place Apartments) where he/she met a male subject identified as David Blystone DOB 05-09-1967. The CI stated Mr. Blystone had several firearms laid out on top of a dog cage in the living room. The CI described these firearms as "submachine guns." The CI stated Mr. Blystone informed him/her Blystone was making these firearms and would convert them into fully automatic firearms. The CI stated Mr. Blystone also talked about owning a

9mm handgun. The CI inquired about possibly purchasing the 9mm handgun in which Mr. Blystone informed the CI he has been to federal prison twice and is not willing to sell anything. The CI stated Mr. Blystone then pulled a firearm out of the couch, and the CI described the firearm as a sub machine gun with a foldable stock. Mr. Blystone asked the CI to hand him a suppressor that was near where the CI was sitting. Mr. Blystone then put the suppressor on the firearm. Mr. Blystone then pulled out the magazine and showed the ammunition to the CI. The CI described the ammunition as hollow points. Mr. Blystone told the CI, "These are for anyone who is not allowed through that door."

4. On January 2, 2026, investigators received a phone call from CI 7653. The CI stated he/she just saw Mr. Blystone at the Kroger store in Rochester, Indiana. The CI stated Mr. Blystone was inquiring about purchasing methamphetamine and told the CI to stop by his apartment anytime.

5. On January 5, 2026, ATF, Indiana State Police, Marshall County Police Department, Rochester Police Department, and the Fulton County Sheriff's Office conducted a meeting with the CI.

6. Investigators conducted a search of the CI's person for money, weapons, drugs, or contraband. Nothing was located. CI 7653 was briefed on

the operation and provided specific instructions on the meeting operation. CI 7653 was provided with $400.00 of U.S. Currency in the event Mr. Blystone was willing to sell an illegal narcotic or firearm.

7. The CI was equipped with audio/video recording devices. Investigators drove the CI to a location near Mr. Blystone's residence. The CI then walked to Mr. Blystone's residence. Assisting detectives watched the CI from the moment he/she left investigators until he/she entered Mr. Blystone's residence. The CI had no interactions with anyone and did not make any contact with anyone until he/she walked inside and began speaking with Mr. Blystone.

8. Mr. Blystone told the CI to sit down and they began engaging in conversation. According to video surveillance Mr. Blystone was watching a show on firearms. During the video surveillance, a jar containing apparent marijuana was sitting on the table in front of Mr. Blystone. During this conversation Mr. Blystone stated he wanted to purchase methamphetamine.

9. The CI inquired about purchasing a firearm from Mr. Blystone and Mr. Blystone stated, "I have a couple Glocks". Mr. Blystone stated, "I am not a Glock fan, but my boy is." (Glock is a gun manufacturer that makes semi-automatic handguns.) The CI asked Mr. Blystone if he builds his firearms, and Mr. Blystone stated, "For my son I do. I used to build a lot of guns before I got

busted so I don't know more too much, only for my son and a buddy of mine." Mr. Blystone stated he had to go to federal prison related to making firearms. Mr. Blystone stated someone told on him and he got busted. Mr. Blystone stated he also used to manufacture "big firecrackers."

10. Mr. Blystone stated he would offer the CI to smoke marijuana, but did not think the CI should do it because of the CI's criminal case. Mr. Blystone talked about being on house arrest and smoking marijuana around the time he had to take urinalysis drug screen. Mr. Blystone stated in 2012 he was arrested for dealing with and manufacturing machine guns and destructive devices.

11. The CI then departed Mr. Blystone's residence and returned to investigators. The CI made no stops and had no interactions with anyone else until he/she arrived back to investigators. The above summary of the interaction between the CI and Mr. Blystone was confirmed by investigators who monitored and reviewed the recordings. Further, some of the details provided by the CI regarding the initial (December 2025) unrecorded interaction with Mr. Blystone were found to be credible. For example, the recordings from the January interaction confirmed that there was a dog cage in the living room. Also, the CI had said that Mr. Blystone described a prior conviction as involving "making firecrackers." Indeed, one of Mr. Blystone's prior criminal cases (3:12-CR-88, in the Northern District of Indiana) had

involved manufacturing machine guns and explosive devices that were claimed to be "fireworks" according to court documents.

12. It should also be noted that when the CI returned to the investigators' vehicle, they immediately detected the odor of marijuana. The CI had not smelled like this before meeting with Mr. Blystone. The CI stated that Mr. Blystone was smoking marijuana while talking with the CI. This would confirm what was observed on the video surveillance.

13. Mr. Blystone has previously been convicted of unlawful possession of a machine gun. In 2013 he was sentenced in the Northern District of Indiana to 18 months imprisonment for that crime under case number 3:12-CR-88. In 2016 he was convicted and sentenced in LaPorte County, Indiana for an operating while intoxicated felony under case number 46C01-1509-F6-765. In 2019 he was sentenced in the Northern District of Indiana to 21 months imprisonment for being a felon in possession of a firearm under case number 3:18-CR-135.

14. Investigators obtained a search warrant in Fulton County, Indiana for Mr. Blystone's residence. On January 9, 2026, investigators went to the residence to search it. Mr. Blystone was inside the residence and was taken into custody. It did not appear that there was anyone living in the residence other than Mr. Blystone.

15. In the house, investigators found a large amount of assorted ammunition from various manufacturers. According to a preliminary examination by an ATF firearms nexus expert (S.A. Robert Crecelius), most (if not all) of the ammunition appears to have been manufactured outside the State of Indiana.

16. Investigators also found three 9mm caliber rifles without serial numbers. They appear to be privately manufactured firearms of unknown origin. Each of these rifles had a barrel shorter than 16 inches.

17. Investigators also found two 5.56 caliber rifles without serial numbers. They appear to be privately manufactured firearms of unknown origin. Each of these rifles had a barrel shorter than 16 inches.

18. Investigators also found a sound suppressor, also known as a silencer, for a firearm. This silencer also appeared to be privately manufactured.

19. A preliminary check of the National Firearm Registration and Transfer Record indicated that Mr. Blystone does not have any items registered.

//

//

//

FURTHER AFFIANT SAYETH NOT.

Brandon Stec
Brandon Stec
Task Force Officer
ATF

Subscribed and sworn to me by telephone and transmission of this affidavit by reliable electronic means, to wit, email, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this 9th day of January, 2026.

s/Andrew P. Rodovich
HONORABLE ANDREW P. RODOVICH
UNITED STATES MAGISTRATE JUDGE